# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | CASE NO. 1:12-cv-01904-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| M. CABRERA, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Quincy Sims, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.   Discussion

### A.   Allegations

Plaintiff, who is currently incarcerated at Kern Valley State Prison (KVSP), brings this action against Captain M. Cabrera and Appeals Coordinator B. Da Viega for violating his rights under the United States Constitution. Plaintiff's claims arise from prison officials' failure to grant his request to remove his former gang affiliation from his bed card and central file, which prevents him from freely practicing his religion. In addition, Plaintiff alleges that his safety concerns are not being addressed and he is not being allowed to appeal his claim.

More specifically, Plaintiff alleges that he was attacked by his cellmate, an affiliated gang member, on June 8, 2012. Plaintiff informed Defendant Cabrera that he was afraid of being housed with gang members and he requested to be single celled, to be allowed to practice his religion, and to have his former gang affiliation removed from his bed card and central file. However, Defendant Cabrera did not respond to Plaintiff's GA-22 inmate request form.

On September 13, 2012, Plaintiff filed an inmate appeal concerning his religion and housing issues, but Defendant Da Viega kept informing Plaintiff of the attachments he must include with his appeal for it to be processed. Plaintiff alleges that he complied with all the requirements identified by Defendant but his appeal was never returned to him with a response.

To date, Plaintiff remains double celled and identified as an affiliate of the Bloods. Plaintiff alleges that these events violated his rights under the First, Eighth Amendment, and Fourteenth Amendments.

### B.      First Amendment Claim

Plaintiff's complaint is devoid of any facts which support a claim that Defendants violated his First Amendment rights. Assuming the intended claim is one for violation of the Free Exercise Clause, Plaintiff alleges no facts demonstrating that he was denied "a reasonable opportunity" to practice his religion "comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079 (1972)) (internal quotation marks omitted).

### C.      Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

Plaintiff does not have a constitutionally protected right to be single celled or to demand the removal of gang information from his bed card or file. Plaintiff does have a right to personal safety,

but his complaint sets forth no facts supporting a claim that either Defendant Cabrera or Defendant Da Viega acted with deliberate indifference to a substantial risk of harm to his safety. *Farmer*, 511 U.S. at 833; *Hearns*, 413 F.3d at 1040. The conclusory assertion of the existence of a safety concern falls well below what is sufficient to support a plausible claim for relief.

### D. **Due Process Claim**

Although Plaintiff alleges a claim for denial of due process, his complaint fails to state a claim for relief. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, Plaintiff does not have a protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

### E. **Equal Protection Claim**

Finally, Plaintiff alleges that he was denied equal protection under the law. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann*, 707 F.3d at 1123; *Furnace v. Sullivan*, 705 F.3d 1021, 1030-31 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must allege facts showing that Defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123 (quotation marks and citations omitted); *accord Furnace*, 705 F.3d at 1030-31.

Plaintiff's complaint is devoid of any facts which suggest Defendants intentionally discriminated against him by treating him differently than other similarly situated inmates and he fails to state a claim. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030-31.

## III. **Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court is required to provide Plaintiff with the opportunity to file an amended complaint.

*Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*.  *Iqbal*, 556 U.S. at 676-77; *Snow*, 681 F.3d at 989; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   April 9, 2013**                         /s/ Sheila K. Oberto
                                                             UNITED STATES MAGISTRATE JUDGE