# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:12-cv-01904-LJO-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS BE DENIED, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, AND PARTIES' MOTIONS TO STRIKE BE DENIED |
| v. | |
| M. CABRERA, | |
| Defendant. | |
| | (Docs. 18, 27, 29, and 30) |
| | TWENTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations on Parties' Exhaustion Motions**

**I.   Defendant's Motion for Judgment on the Pleadings**

    **A.   Procedural History**

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution. (Docs. 7, 8.)

On May 7, 2014, Defendant filed a motion for judgment on the pleadings based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. §

1997e(a). Fed. R. Civ. P. 12(c). (Doc. 18.) Plaintiff filed an opposition on May 19, 2014, Defendant filed a reply on May 27, 2014, and the motion was submitted on the record without oral argument pursuant to Local Rule 230(*l*). (Docs. 24, 26.)

### B. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing *Porter*, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

In this case, Defendant moves for relief under Rule 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). The Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable

to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming*, 581 F.3d at 925.

### C.  Discussion

#### 1.  Allegation Concerning Exhaustion

The events giving rise to Plaintiff's failure-to-protect claim occurred on or around June 8, 2012.[1] (Doc. 7, Amend. Comp., § IV.) In his amended complaint, Plaintiff alleges that he filed an inmate appeal on September 13, 2012, concerning Defendant's actions but B. Da Viega, the appeals coordinator, failed to process it and it was never returned to him.[2] (*Id.*, § II(C).) Defendant argues that this allegation establishes Plaintiff failed to submit his appeal within thirty days of June 8, 2012, as required by the applicable regulations; and untimely appeals may be cancelled and are not processed, as Plaintiff alleges occurred. Defendant contends that Plaintiff's failure to properly exhaust in compliance with the regulations entitles him to judgment as a matter of law. *Woodford v. Ngo*, 548 U.S. 81, 83-84, 90, 126 S.Ct. 2378 (2006).

#### 2.  Administrative Remedy Process

The California Department of Corrections and Rehabilitation has an administrative remedy process for inmate grievances, Cal. Code Regs., tit. 15, § 3084.1 (2014), and state prisoners are required to use that process to exhaust their claims in compliance with section 1997e(a), *Ngo*, 548 U.S. at 85-86; *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010). Inmates are required to submit their appeals within thirty calendar days of the event being appealed, tit. 15, § 3084.8(b)(1), and an appeal may be cancelled if "time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints," § 3084.6(c)(4). However, if the issue is ongoing, the inmate may appeal any time during the duration of the event, § 3084.6(c)(4), and the appeals coordinator must notify the inmate of the reason for the cancellation of the appeal, § 3084.5(b)(3). In addition, the appeals

---

[1] Given the nature of Plaintiff's legal claim and his allegations, it is not clear if the relevant events were entirely confined to one date.

[2] Plaintiff argues in his opposition that he did not mention the date of September 13, 2012, in his amended complaint, but that argument is directly contradicted by his amended complaint. (Doc. 24, Opp., 1:22-23.)

3

coordinator or the third level Appeals Chief may subsequently determine that the cancelled appeal should be accepted because (1) it was cancelled in error or new information is received which makes the appeal eligible for further review or (2) exceptional circumstances exist. Tit. 15, § 3084.6(a)(3), (4).

### 3. Findings

If Plaintiff's appeal was untimely filed and it was properly cancelled as result, as Defendant argues, and if the appeal was not subsequently accepted for review despite that initial cancellation, Plaintiff's claim against Defendant is unexhausted and Defendant is entitled to judgment. *Sapp*, 623 F.3d at 823 (discussing proper and improper screening of inmate appeals). However, Defendant is entitled to judgment only if Plaintiff's failure to exhaust is clear from the face of his amended complaint and here it is not. Plaintiff did not concede that his appeal was cancelled as untimely; to the contrary, Plaintiff alleged the appeal was neither processed nor returned to him and it is not clear what happened.[3] Evidence that the appeal was properly cancelled as untimely may exist, and if so, that evidence may be produced in support of a summary judgment motion. *Albino*, 747 F.3d at 1166. At this juncture, there are insufficient facts in the amended complaint to support a finding that Plaintiff's appeal was properly cancelled because he failed to comply with the procedural time constraints and no exceptions were presented. *Albino*, 747 F.3d at 1171.

Accordingly, the Court finds that Defendant failed to meet his burden as the party moving for judgment on the pleadings, and it recommends that his motion be denied. Fed. R. Civ. P. 12(c); *Albino*, 747 F.3d at 1166.

## II. Plaintiff's Motion for Summary Judgment

On May 29, 2014, Plaintiff filed a motion for summary judgment on the issue of exhaustion. Fed. R. Civ. P. 56(a). Defendant construed the motion as a surreply relating to his

---

[3] In this Circuit, Defendant is not entitled to dismissal if the Court determines that Plaintiff has exhausted available administrative remedies, that administrative remedies are not available, or that Plaintiff's failure to exhaust the available remedies should be excused. *Albino*, 747 F.3d at 1171.

motion for judgment on the pleadings and on June 10, 2014, he filed a motion to strike. (Doc. 29.) In response, Plaintiff filed a motion to strike Defendant's motion to strike. (Doc. 30.)

Either side is entitled to move for summary judgment on the ground of exhaustion or non-exhaustion. *Albino*, 747 F.3d at 1170. Thus, Plaintiff may file a motion for summary judgment on the basis that he timely filed an inmate appeal grieving Defendant's conduct but the appeal received no response, thereby rendering the process "unavailable." *Albino*, 747 F.3d at 1171. However, summary judgment is not an inconsequential device, and Plaintiff is required to comply with the procedural requirements. Fed. R. Civ. P. 56; Local Rule 260(a). Merely requesting judgment and attaching a declaration is not sufficient to comply with the requirements set forth in Local Rule 260(a). Relevant here is the requirement that that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact."

Therefore, the Court recommends that Plaintiff's motion for summary judgment be denied, without prejudice, on the ground that it is procedurally deficient. Based on the foregoing, the Court recommends that Defendant's motion to strike, which misconstrued Plaintiff's motion as a surreply, be denied, and Plaintiff's motion to strike Defendant's motion to strike be denied as moot.

## III.     Recommendations

For the reasons set forth herein, Court HEREBY RECOMMENDS that:

1.      Defendant's motion for judgment on the pleadings for failure to exhaust be DENIED, without prejudice to renewal under Rule 56 (doc. 18);

2.      Plaintiff's motion for summary judgment be DENIED, without prejudice, as procedurally deficient (doc. 27);

3.      Defendant's motion to strike Plaintiff's "surreply" be DENIED (doc. 29); and

4.      Plaintiff's motion to strike Defendant's motion to strike be DENIED as moot (doc. 30).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 8, 2014**                    **/s/ Sheila K. Oberto**
                                               UNITED STATES MAGISTRATE JUDGE