# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:12-cv-01904-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION TO EXCLUDE REFERENCE TO DA VIEGA AND DENYING MOTION RE QUALIFIED IMMUNITY |
| v. | |
| M. CABRERA, | (Doc. 28) |
| Defendant. | |

## I. Motion to Exclude Reference to Da Viega

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

On May 29, 2014, Plaintiff filed a "Motion Requesting that Appeals Coordinator B. Da Viega Citings be Dismissed from Defendant." (Doc. 28.) Defendant did not file a response and the motion was submitted on the record without oral argument pursuant to Local Rule 230(*l*).

Plaintiff contends that Defendant used "supporting documentation" in moving for judgment on the pleadings, and he seeks to preclude Defendant from citing to actions or omissions by B. Da Viega in light of Da Viega's dismissal from this action for failure to state a claim. As discussed in the findings and recommendations issued concurrently with this order, Defendant

sought judgment on the pleadings based on Plaintiff's failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(c). Defendant appropriately limited his argument to the four corners of Plaintiff's amended complaint and he did not attach any "supporting documentation" to his motion. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Plaintiff alleged in his amended complaint that Da Viega failed to process his appeal, and Defendant is entitled to rely on that allegation in moving for relief based on Plaintiff's failure to exhaust. (Doc. 7, Amend. Comp., § II(C).)

Additionally, Plaintiff misunderstands the context in which Da Viega's actions or omissions may be used. Plaintiff's legal claim that Da Viega violated his constitutional rights was dismissed, with prejudice, for failure to state a claim, and Da Viega is no longer a party to this action. 28 U.S.C. § 1915A. (Doc. 8.) However, Da Viega was an appeals coordinator, and his actions or omissions in that capacity may be relevant in this case, including but not limited to determining whether Plaintiff exhausted the administrative remedies. Fed. R. Evid. 401, 601, 602, 701, 702. (Amend. Comp., § II(C).) As a result, there exists no legal basis upon which Plaintiff may seek to bar Defendant from mentioning Da Viega, relying on documents involving Da Viega, or using Da Viega as a witness.[1] Fed. R. Evid. 401, 601, 602, 701, 702. While Plaintiff may object to evidence produced by Defendant, any objections must be based in law and the present one is not.

## II.     Motion to Deny Qualified Immunity

Attached to the motion to exclude reference to Da Viega but not separately docketed is Plaintiff's motion seeking an order denying Defendant qualified immunity. In his answer, Defendant pled qualified immunity as his fourth affirmative defense and it is on that basis Plaintiff seeks an order denying qualified immunity. (Doc. 16, Answer, 3:10-11.) Plaintiff's motion is misplaced procedurally, however, as he is not entitled to an order addressing qualified immunity.

As set forth in a separate order issued concurrently with this order, Plaintiff may not file a reply to the answer as a matter of right, and the Court did not grant leave to file a reply in this

---

[1] To the extent relevant and in compliance with any applicable procedural rules, Plaintiff is also entitled to support his position by relying on actions or omissions attributable to Da Viega.

case. Fed. R. Civ. P. 7(a)(7). Furthermore, while a party may seek to strike matter from a pleading, disagreement with entitlement to qualified immunity is not a ground which will support a motion to strike. Fed. R. Civ. P. 7(a)(2); Fed. R. Civ. P. 12(f). In the event that Defendant raises the issue of qualified immunity in a motion, Plaintiff's opportunity to respond comes in the form of his opposition to the motion. Local Rule 230(*l*).

**III.    Order**

Based on the foregoing, Plaintiff's motion to exclude reference to Da Viega is DENIED, and Plaintiff's motion to deny Defendant qualified immunity is DENIED on procedural grounds.

IT IS SO ORDERED.

Dated:    **December 8, 2014**                    **/s/ Sheila K. Oberto**
                                                                                UNITED STATES MAGISTRATE JUDGE