# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:12-cv-01904-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTIONS FOR DEPOSITIONS BY WRITTEN QUESTIONS |
| v. | (Docs. 31 and 34) |
| M. CABRERA, | |
| Defendant. | |

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

On July 2, 2014, Plaintiff filed a "Motion for a 'Deposition Upon Written Questions'" and on July 17, 2014, Plaintiff filed a "Motion for Second//Deposition Upon Written Questions." (Docs. 31, 34.) Defendant filed an opposition to the first motion on July 8, 2014, and an opposition to the second motion on July 31, 2014. (Docs. 32, 35.) Plaintiff did not file replies and the motions were submitted on the record without oral argument pursuant to Local Rule 230(*l*).

Plaintiff's first motion seeks an order requiring Defendant to appear before a stenographer and answer the questions set forth in the motion, and Plaintiff's second motion seeks to depose forty-nine prison staff members either before a stenographer or via videotaped answers. However,

an officer must be retained to take responses and prepare the record, and Plaintiff is responsible for bearing the costs of the depositions he seeks. Fed. R. Civ. P. 31(b). There is no entitlement to take a deposition, and any party seeking to conduct a deposition by written question must comply with the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1915 (in forma pauperis statute); Fed. R. Civ. P. 31; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) ("'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .'") (quoting *United States v. MacCollum*, 426 U.S. 317, 321, 96 S.Ct. 2086 (1976)).

If Plaintiff is able and willing to compensate an officer to take responses and prepare the record, he may notify the Court within thirty days, accompanied by an offer of proof regarding the financial ability to compensate the officer. The Court will then take the steps necessary to ensure Plaintiff is permitted to schedule and conduct the depositions under Rule 31.

Accordingly, based on the foregoing, Plaintiff's motions for depositions by written questions are DENIED.

IT IS SO ORDERED.

Dated:   **December 8, 2014**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE