# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. CABRERA,<br><br>    Defendant.<br>_____/ | Case No. 1:12-cv-01904-LJO-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT ON GROUNDS OF UNDUE DELAY AND FUTILITY<br><br>(Doc. 33) |

## I.  Background

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012.  This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

Pursuant to the scheduling order filed on May 13, 2014, the deadline to amend the pleadings was November 13, 2014; and on July 17, 2014, Plaintiff filed a timely motion seeking leave to file a second amended complaint adding facts regarding exhaustion and specifying the punitive damages amount sought.[1]  Fed. R. Civ. P. 15(a)(2).  (Docs. 22, 33.)  Defendant filed an

---

[1] The Court's review is limited to Plaintiff's very brief motion because he did not include a proposed second amended complaint.

opposition on August 1, 2014, and the motion was submitted on the record without oral argument pursuant to Local Rule 230(*l*).  (Doc. 36.)

## II. Discussion

### A. Legal Standard

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); *accord Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951; *accord Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117.  While "'prejudice to the opposing party carries the greatest weight,'" *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117 (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)), leave to amend "is properly denied . . . if amendment would be futile," *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010)); *accord Woods v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011).  Further, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" *Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

### B. Findings

Plaintiff seeks leave to amend to add facts regarding exhaustion, in response to Defendant's earlier-filed motion for judgment on the pleadings for failure to exhaust, and to specify he is seeking punitive damages in the amount of $60,000.00.  For the reasons which follow, the Court finds that although the proposed amendments do not prejudice Defendant and are not sought in bad faith, they will produce undue delay and are futile.[2]  Given the finding on the

---

[2] All four factors are discussed with respect to the proposed amendment to add facts regarding exhaustion.  The proposed amendment to add the punitive damages amount is not discussed in the context of prejudice or bad faith because the record is devoid of any indication that amendment would be prejudicial or is sought in bad faith.

2

futility factor, justice does not require Plaintiff be granted leave to file a second amended complaint. *Carrico*, 656 F.3d at 1008; *Woods*, 678 F.3d at 1082; *Silva*, 658 F.3d at 1105-06.

### 1. <u>Prejudice</u>

Although Defendant argues that amendment to add facts regarding exhaustion would be highly prejudicial, the Court finds there is no discernible prejudice. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (prejudice would result from unfairly burdening defendant with "onerous" 733-page pleading ); *AmerisourceBergen Corp.*, 465 F.3d at 951-54 (prejudice existed where potentially high, additional litigation costs would result from delayed amendment); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (prejudice existed where "radical shift in direction" posed by new claims would have required the defendants to undertake, at a late hour, an entirely new course of defense); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (prejudice where amendment would necessitate further discovery); *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (prejudice where amendment would totally alter basis for action and summary judgment motion was pending). Defendant argues that amendment would allow Plaintiff to thwart his rightful entitlement to judgment on the pleadings, but his motion was brought early in the proceedings; the Court rejected his argument that Plaintiff's non-exhaustion was established on the face of the amended complaint; and even if had found the argument meritorious, leave to amend must be granted unless it is clear the complaint cannot be saved by amendment. *Jackson v. Barnes*, 749 F.3d 755, 766-67 (9th Cir. 2014) (district court erred in granting judgment on the pleadings and not permitting amendment where it was not absolutely clear the deficiencies were not curable), *petition for cert. filed*, __ S.Ct. __, __ (U.S. Nov. 11, 2014) (14-542); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (district court erred in granting motion for judgment on the pleadings without giving leave to amend); *Cafasso*, 637 F.3d at 1058 (district court invited amendment rather than opposition to motion for judgment on the pleadings brought after nearly two years of discovery). Thus, given the procedural posture of this case and the nature and limitation of relief available under Rule 12(c), Plaintiff's proposed amendment would not cause prejudice to Defendant.

### 2. **Bad Faith**

Next, a motion to amend brought to avoid the possibility of an adverse ruling may support a finding of bad faith. *Acri*, 781 F.2d at 1398-99. However, the inquiry is fact-specific and in this case, the stated ground for amendment must be viewed in the context of Plaintiff's status as a prisoner proceeding pro se and the procedural posture of this case. Defendant filed a motion for judgment on the pleadings for failure to exhaust shortly after he waived service and answered the amended complaint, and his argument was premised on Plaintiff's purported concession to non-exhaustion in the amended complaint. However, Plaintiff disputed that he failed to exhaust, and given Defendant's view that Plaintiff conceded non-exhaustion, he now seeks to clarify via the addition of facts. While such clarification is unnecessary, as discussed below, the Court is not persuaded that Plaintiff seeks to amend in bad faith. *See id.* at 1398-99 (finding of bad faith where motion to amend intentionally brought late to avoid adverse summary judgment ruling). Although Plaintiff may not amend to contradict the allegation in his amended complaint regarding exhaustion, *Air Aromatics, LLC*, 744 F.3d at 600, his desire to amend to add facts regarding exhaustion does not necessarily evidence bad faith in light of his minimal legal experience and lack of expertise.

### 3. **Undue Delay and Futility**

Turning to undue delay and futility, the Court determined that the face of Plaintiff's amended complaint does not entitle Defendant to judgment, and it recommended the motion be denied, as previously discussed. Inmates are not required to plead or demonstrate exhaustion in their complaints, and the Ninth Circuit has recognized that only in rare instances will the failure to exhaust be apparent from the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).

Here, Plaintiff is not seeking to add claims or parties, but rather to add facts regarding an issue he is not required to plead and which does not entitle Defendant to dismissal. To the extent Defendant moves for summary judgment for failure to exhaust in the future, that motion will be based on *evidence*, and Plaintiff will have the opportunity to oppose the motion and produce his own evidence in response. Plaintiff is not constrained to rely exclusively on the allegation in his

amended complaint, and he is free to produce additional evidence and/or explain the context of his allegation via his own declaration and/or other evidence.[3]  Thus, justice does not require leave to amend where the proposed amendment would lead to entirely unnecessary delay and is futile in that it serves no arguable purpose.

The reasoning with respect to the exhaustion allegations applies equally to the proposed punitive damages amendment.  The federal system is one of notice pleading, Fed. R. Civ. P. 8(a)(3), and "judgment should grant the relief to which the party is entitled, even if the party has not demanded that relief in its pleadings," Fed. R. Civ. P. 54(c).  Plaintiff's amended complaint already articulates a demand for punitive damages, and it would both cause undue delay and be pointless for him to amend to add the specific amount he seeks.

### III.    Conclusion and Order

Accordingly, the Court finds that although the proposed amendments would not prejudice Defendant and they are not sought in bad faith, justice does not require allowing Plaintiff to amend where the proposed amendments would cause undue delay and are futile in that they would add purely superfluous facts to the pleading.  Plaintiff's motion for leave to amend is therefore DENIED.

IT IS SO ORDERED.

Dated:   **December 8, 2014**                    **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff may not disavow the allegation in his amended complaint but neither would he be permitted to do so in a second amended complaint.  *Air Aromatics, LLC*, 744 F.3d at 600.