# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>    Plaintiff,<br><br>  v.<br><br>M. CABRERA,<br><br>    Defendant.<br>_____/ | Case No. 1:12-cv-01904-LJO-SKO (PC)<br><br>ORDER DENYING MOTION TO COMPEL RESPONSE TO INTERROGATORIES IN EXCESS OF TWENTY-FIVE, DIRECTING DEFENDANT TO FILE NOTICE OF REASONABLE EXPENSES INCURRED WITHIN TWENTY DAYS, AND GRANTING PLAINTIFF THIRTY DAYS THEREAFTER TO FILE RESPONSE<br><br>(Doc. 37) |

## I. Background

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

On August 15, 2014, Plaintiff filed a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii). Defendant filed an opposition on September 5, 2014, and the motion was submitted on the record without oral argument pursuant to Local Rule 230(*l*). For the reason which follows, the motion is denied.

///

## II. Discussion

### 1. Plaintiff's Motion to Compel

In his motion, Plaintiff moves for an order compelling Defendant to respond to his interrogatories, set two, numbers 1 through 21, which he served on served July 18, 2014.[1] Fed. R. Civ. P. 37(a)(3)(B)(iii). In opposition, Defendant states that he previously responded to Plaintiff's interrogatories, set one, numbers 1 through 25; he did not agree to respond to interrogatories in the excess of twenty-five, and Plaintiff did not obtain leave of court to serve interrogatories in the excess of twenty-five. Fed. R. Civ. P. 33(a).

The scope of discovery is broad. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (citing *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Relevant here, however, Rule 33(a) of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts, although the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2).

Defendant submitted evidence that he responded to Plaintiff's interrogatories, set one, 1 through 25, and he is not required to respond to any additional interrogatories in the absence of a stipulation, which did not occur, or a court order. (Doc. 38, Opp., Exs. A & B.) Plaintiff did not file a reply and based on the record, the Court finds that Defendant was not required to respond to Plaintiff's interrogatories, set two, because they exceeded the limit in Rule 33(a). As such, Plaintiff is not entitled to an order compelling Defendant to respond or to any reasonable expenses incurred in bringing the motion to compel. Fed. R. Civ. P. 37(a)(5)(A).

///

---

[1] The parties have forty-five days to serve discovery responses and had Plaintiff been entitled to a response, his motion to compel would have been subject to denial as premature. (Doc. 22.)

2

### B.     Reasonable Expenses Incurred in Opposing Motion

If a motion to compel is denied, the Court must, after providing an opportunity to be heard, require the movant to pay the party who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(B) (quotation marks omitted).  Payment may not be ordered if the motion was substantially justified or other circumstances make the award unjust.  *Id.* (quotation marks omitted).

In light of the denial of Plaintiff's motion to compel, Defendant has twenty days to file a notice of reasonable expenses incurred, and Plaintiff has thirty days from the filing of the notice to be heard on the issue.

## III.    Order

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is DENIED;
2. Defendant has **twenty (20) days** from the date of service of this order within which to file a notice of reasonable expenses incurred in opposing Plaintiff's motion to compel; and
3. Plaintiff has **thirty (30) days** from the date of service of the notice within which to file a response.

IT IS SO ORDERED.

Dated:   **December 8, 2014**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE