# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. CABRERA,<br><br>    Defendant.<br>_____/ | Case No. 1:12-cv-01904-LJO-SKO (PC)<br><br>ORDER REQUIRING PLAINTIFF TO PAY EXPENSES INCURRED IN THE AMOUNT OF $425.00 AND STAYING ORDER IN LIGHT OF PLAINTIFF'S INDIGENCY<br><br>(Docs. 46 and 49) |

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

On December 8, 2014, the Court denied Plaintiff's motion to compel and ordered Defendant to file a notice of reasonable expenses incurred in opposing the motion. Defendant filed the notice on December 23, 2014. Plaintiff did not respond.

If a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

The Court has reviewed the expenses fees sought by Defendant and it finds that 2.5 hours of time at a rate of $170.00, resulting in attorney's fees of $425.50, is reasonable.  Plaintiff did not respond to the notice and based on the record, the Court declines to find that the motion to compel was substantially justified or that other circumstances make an award of expenses unjust.  According, Plaintiff is required to pay Defendant $425.50. Fed. R. Civ. P. 37(a)(5)(A).  However, the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed, and Plaintiff is incarcerated and proceeding in forma pauperis.  *Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983).  (Doc. 182, Resp. & Obj., p. 6.)  Therefore, the Court HEREBY ORDERS as follows:

1. Expenses in the amount of $425.00 are assessed against Plaintiff;
2. The order assessing expenses in the amount of $425.00 is stayed; and
3. At any time prior to the closure of this action, Defendant may move to lift the stay and enforce the sanction upon a showing that Plaintiff has the ability to pay $425.00.

IT IS SO ORDERED.

Dated:   **March 31, 2015**                    **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE