1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:12-cv-01904-LJO-SKO (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND PROVIDING PLAINTIFF THIRTY DAYS WITHIN WHICH TO RESPOND TO DEFENDANT'S REQUEST FOR EXPENSES INCURRED IN THE AMOUNT OF $595.00 |
| v. | |
| M. CABRERA, | |
| Defendant. | |
| _____/ | (Doc. 52, 54, and 55) |

**I.     Procedural History**

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

Pending before the Court is Defendant's motion to compel Plaintiff's deposition and for reasonable expenses incurred in attempting to depose Plaintiff and in bringing the motion, filed on January 13, 2015. Fed. R. Civ. P. 37. (Doc. 52.) Plaintiff filed an opposition on January 23, 2015, and Defendant filed a reply on January 30, 2015. (Docs. 54, 55.) The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

*///*

1    **II.    Discussion**

2         **A.    Motion to Compel Deposition**

3         On January 9, 2015, Plaintiff appeared for his deposition and he initially answered

4    questions.   (Motion to Compel, Ex. B, Sims Depo.)   However, Plaintiff subsequently began

5    expressing resistance toward questions that, in his opinion, impermissibly strayed beyond

6    Defendant's direct conduct, and the deposition ultimately ended prematurely as a result.   (*Id.*)

7    Defendant now moves to compel Plaintiff's deposition and Plaintiff opposes the motion.

8         When a deponent appears for his deposition but refuses to answer questions, the proper

9    remedy is a court order to testify, and based on a review of the deposition transcript, Defendant is

10   entitled to such an order.   Fed. R. Civ. P. 37(a)(3); *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir.

11   1995).   In his opposition, Plaintiff attempts to justify his refusal to answer certain questions on the

12   basis that counsel was asking irrelevant questions regarding other inmates and staff, which would

13   endanger his safety if he answered.   Plaintiff's position lacks merit, however.

14        The scope of discovery is broad, *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th

15   Cir. 2014) (citing *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)), and "[p]arties may obtain

16   discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

17   Fed. R. Civ. P. 26(b)(1).   "Relevant information need not be admissible at the trial if the discovery

18   appears reasonably calculated to lead to the discovery of admissible evidence," and "[f]or good

19   cause, the court may order discovery of any matter relevant to the subject matter involved in the

20   action."   *Id.*

21        In this case, Plaintiff alleges that Defendant acted with deliberate indifference to a

22   substantial risk of harm to his personal safety.   (Doc. 7, Amend. Comp.)   Plaintiff is a former gang

23   affiliate who was assaulted by a gang affiliated inmate.   (*Id.*)   Plaintiff subsequently sent

24   Defendant a request for interview form in which he requested to be housed with Nation of Islam

25   Muslim inmates rather than gang-affiliated inmates, but Defendant allegedly disregarded

26   Plaintiff's gang misclassification, which endangered his safety.   (*Id.*)   During Plaintiff's

27   deposition, counsel sought to question him about issues relating to religion, gangs, and the inmate

28

1  who attacked him, all of which fall firmly within the broad scope of discovery.  (Motion to

2  Compel, Ex. B, Sims Depo.)

3         Accordingly, Defendant's motion to compel Plaintiff's deposition is granted and Plaintiff

4  is warned that if he refuses to cooperate at his next deposition, he will be subject to sanctions

5  deemed appropriate by the Court, which may include dismissal of his case, with prejudice.

6  Plaintiff's pro se status does not shield him from the requirement that he engage in discovery in

7  good faith, and Plaintiff's objections to counsel's deposition questions on January 9, 2015, were

8  not justified under the law.  A professed interest in staying out of others' business does not excuse

9  Plaintiff from having to answer the deposition questions. (*E.g.*, Doc. 52-2, Ex. B, depo pp. 12:23-

10  25, 14:18-24, 15:17-20.)

11            **B.      Reasonable Costs Incurred in Bringing Motion to Compel**

12         If a motion to compel is granted, the Court shall require the party whose conduct

13  necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

14  reasonable expenses incurred in making the motion.  Fed. R. Civ. P. 37(a)(5)(A) (quotation marks

15  omitted).   However, "the court must not order this payment if the motion was substantially

16  justified or other circumstances make an award of expenses unjust."  *Id.*

17         Defendant is not entitled to recoup the costs incurred in attempting to take the deposition,

18  given that Plaintiff did not fail to appear and he did not violate a court order compelling his

19  deposition.[1]  Fed. R. Civ. P. 37(b), (d).  Defendant's counsel attested that she spent 3.5 hours

20  preparing the motion to compel, at a rate of $170.00 per hour.  Accordingly, Plaintiff shall be

21  granted an additional thirty days within which to respond to Defendant's request for reasonable

22  expenses incurred in the amount of $595.00.

23  **III.    Order**

24         Based on the foregoing, it is HEREBY ORDERED that:

25         1.      Defendant's motion to compel Plaintiff's deposition, filed on January 13, 2015, is

26                 GRANTED;

27

28  [1] However, any failure to cooperate at the next deposition in contravention of *this* order will be sanctionable conduct. Fed. R. Civ. P. 37(b).

2.      Plaintiff is required to appear for and testify at his deposition, which may be conducted in person or by videoconference; and

3.      Plaintiff has **thirty (30) days** from the date of service of this order within which to file a response to Defendant's request for reasonable expenses in the amount of $595.00.

IT IS SO ORDERED.

Dated:     **March 31, 2015**                 **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE