# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:12-cv-01904-LJO-SKO (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER |
| v. | |
| M. CABRERA, | (Doc. 51) |
| Defendant. | Discovery Deadline: 07/02/2015<br>Pretrial Dispositive Motion Deadline: 09/02/2015 |

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

On January 13, 2015, in conjunction with his motion to compel Plaintiff's deposition, Defendant filed a motion to modify the scheduling order to extend the deadlines for the completion of discovery and for filing pretrial dispositive motions. Fed. R. Civ. P. 16(b)(4). In a separate order issued concurrently with this order, the Court granted Defendant's motion to

compel Plaintiff's deposition.  Accordingly, good cause exists to modify the scheduling order and the Court HEREBY ORDERS as follows:[1]

1. Defendant's motion to modify the scheduling order, filed on January 13, 2015, is GRANTED;

2. The deadline for the completion of all discovery, including filing motions to compel, is extended to July 2, 2015; and

3. The deadline for filing pretrial dispositive motions is extended to September 2, 2015.

IT IS SO ORDERED.

Dated:  **March 31, 2015**                 **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court recognizes that Defendant sought a discovery extension limited to deposing Plaintiff, but in light of the concurrent resolution of Plaintiff's motion to compel, the deadline will be extended for both parties.  To the extent Plaintiff is engaging in abusive discovery – and there is no evidence in the record that he is – Defendant may seek appropriate redress in accordance with the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 26(c).

2