# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:12-cv-01904-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (Doc. 56) |
| M. CABRERA, | |
| Defendant. | |

## I.  Procedural History

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

On February 26, 2015, Plaintiff filed a motion to compel Defendant to produce all documents and evidence Defendant intends to use at trial. (Doc. 56.) Defendant filed an opposition on March 19, 2015. (Doc. 57.) Plaintiff has not yet filed a reply but the substantive deficiencies in Plaintiff's discovery request cannot be cured in a reply. Therefore, in the interest of resolving all pending motions and setting a new scheduling order, the Court elects to resolve the motion without waiting for the reply. Local Rule 230(*l*).

///

**II.     Discussion**

      **A.     Motion to Compel**

Plaintiff's motion to compel violates the discovery and scheduling in two respects. (Doc. 22.)  First, Plaintiff represents that he served his request for the production of documents on January 11, 2015. (Doc. 56.)  Pursuant to the discovery order, the responding party has forty-five days to serve a response, and Federal Rule of Civil Procedure 6(d) provides for an additional three days for mailing. (Doc. 22, ¶2.)  The forty-fifth day fell on February 25, 2015, and with the additional three days for mailing, which was impacted by the intervening weekend, Defendant's response was not due to be served until Monday, March 2, 2015.  Therefore, Plaintiff prematurely served his motion to compel by mail on March 23, 2015.

Second, the parties were required to serve their discovery requests sufficiently in advance of the deadline to permit a response. (Doc. 22, ¶7.)  In this case, the discovery deadline was January 13, 2015, and the service of a discovery request a mere two days before the deadline violated the order. (*Id.*)

Finally, Plaintiff's motion to compel was procedurally deficient because he failed to include a copy of his discovery request.  In no event will the Court order a response to a discovery request that was not presented to it for review.  It is the moving party's burden to include the relevant discovery requests and responses, if any, and to notify the Court which discovery requests are at issue and why the response, if any, was insufficient.

In this case, however, Defendant served a response to Plaintiff's discovery request and included the requisite copies with his opposition.  Accordingly, the Court is able to reach the merits of Plaintiff's two discovery requests, and for the reasons which follow, Plaintiff's motion to compel a further response is denied.

Plaintiff sought a transcript of his deposition.  However, Plaintiff may not use a discovery request to avoid the reach of Federal Rule of Civil Procedure 30(f)(3), which requires a party or deponent seeking a copy to pay the officer (the Certified Shorthand Reporter) reasonable charges. In any event, as Defendant pointed out in his opposition, Plaintiff has the benefit of a copy by

virtue of its attachment to Defendant's motion to compel Plaintiff's deposition. No further response is warranted.

Plaintiff also sought all documents in Defendant's possession or control that Defendant intends to use at trial. Defendant responded that he has not yet identified documents for use at trial. As drafted, this request is excessively broad and the response is contingent upon Defendant having completed sufficient trial preparation to accurately identify which documents he plans to use. At this juncture in the proceedings, there is no trial date and Defendant has not yet filed a motion for summary judgment, which lends sufficient support to Defendant's response for the Court to find it plausible, despite the Court's recognition that Plaintiff did not have the benefit of initial disclosures. Fed. R. Civ. P. 26(a)(1)(b)(iv). Additionally, this is Plaintiff's third request for the production of documents, raising an issue over concerning which documents have already been produced and which documents, if any at all, are left to produce. Therefore, no further response is required. Given the modification to the scheduling order, addressed in a separate order, Plaintiff may draft a more precise document production request, but he is reminded that a purely speculative fishing expedition does not constitute a good faith engagement in discovery.[1]

### B.  Reasonable Expenses Incurred in Opposing the Motion

If a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* Defendant seeks reasonable expenses incurred in the amount of $340.00 (two hours at $170.00 per hour). Plaintiff has thirty days within which to file a response.

///

///

---

[1] Given Plaintiff's incarceration, it is likely he is familiar with the type of documentation which would be generated by the events at issue in this action, and some amount of reason must be employed in drafting discovery requests. *See Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.")

### III. Order

Based on the foregoing, Plaintiff's motion to compel, filed on February 26, 2015, is HEREBY DENIED, and within **thirty (30) days** from the date of service of this order, Plaintiff shall file a response to Defendant's request for expenses incurred in opposing the motion to compel.

IT IS SO ORDERED.

Dated:   **March 31, 2015**                                  **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE