# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS, | Case No. 1:12-cv-01904-LJO-SKO (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY EXPENSES INCURRED IN THE AMOUNT OF $935.00 AND STAYING ORDER IN LIGHT OF PLAINTIFF'S INDIGENCY |
| v. | |
| M. CABRERA, | (Docs. 59, 61, and 62) |
| Defendant. | |

## I. Background

Plaintiff Quincy Sims ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2012. This action for damages is proceeding against Defendant M. Cabrera ("Defendant") for failing to protect Plaintiff from the threat of harm by gang members or affiliates while he was at Kern Valley State Prison, in violation of the Eighth Amendment of the United States Constitution.

On April 1, 2015, the Court granted Defendant's motion to compel Plaintiff's deposition. (Doc. 59.) If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified . . . or other circumstances make an award of expenses unjust." *Id.*

Also on April 1, 2015, the Court denied Plaintiff's motion to compel. (Doc. 61.) If a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Plaintiff was provided with the opportunity to file a response to Defendant's requests for expenses incurred in moving to compel his deposition and in opposing his motion to compel. He filed his response on April 20, 2015. (Doc. 62.)

**II.     Discussion**

Plaintiff's response sets forth no arguments which either substantially justify Plaintiff's motion to compel and his refusal to answer questions at his deposition or make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A), (B). As to Plaintiff's first argument, his indigency does not shield him from a finding that Defendant is entitled to reasonable expenses, although it does preclude enforcement, as discussed below. *Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983).

Regarding his second argument, although Plaintiff contends he did not refuse to take part in his deposition or walk out, Plaintiff refused to answer relevant questions Defendant's counsel was entitled to ask, thereby obstructing her ability to fully and effectively depose him. Plaintiff's belief that he was entitled refuse to answer questions he thought to be fruitless is unavailing and under the circumstances, Defendant's decision to terminate the deposition and seek relief from the Court was justified. (Doc. 52, Motion, Ex. B.)

Finally, Plaintiff states that he intended no disrespect to the Court and he was not attempting to deny Defendant a reasonable opportunity to defend himself in this action. While that may be so with respect to the former, the record does not support the latter. Defendant's counsel specifically cautioned Plaintiff that she was entitled to ask questions to clarify his claim against Defendant and warned him that if he continued to refuse to answer questions, she would terminate the deposition, file a motion to compel, and seek expenses. (*Id.*, 20:6-13.) Counsel

asked if he understood and Plaintiff responded, "Yes.  You can end it on that note and you can compel it." (*Id.*, 20:15-16.)  While Plaintiff may have been reluctant to answer counsel's questions for unrelated self-interested reasons, questions regarding gangs, gang activity, and religion are directly relevant to Plaintiff's claim that Defendant failed to protect him from harm at the hands of gang members.[1]

In conclusion, Rule 37 requires that reasonable expenses incurred be assessed, in the absence of substantial justification or a determination assessment would be unjust.  Neither exception is presented here.  The Court has reviewed the fees sought by Defendant and it finds that (1) 3.5 hours of time at a rate of $170.00, resulting in attorney's fees of $595.00 for filing the motion to compel, is reasonable, and (2) 2 hours of time at a rate of $170.00, resulting in attorney's fees of $340.00 for opposing Plaintiff's motion to compel, is reasonable.  According, Plaintiff is required to pay Defendant $935.00.  Fed. R. Civ. P. 37(a)(5)(A).  However, the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed, and Plaintiff is incarcerated and proceeding in forma pauperis.  *Thomas*, 703 F.2d at 357.  Plaintiff also reiterates his indigency in his response.  Therefore, the order shall be stayed.

### III.  Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Expenses in the amounts of $595.00 and $340.00 are assessed against Plaintiff;
2. The order assessing expenses in the amounts of $595.00 and $340.00 is stayed; and
3. At any time prior to the closure of this action, Defendant may move to lift the stay and enforce the sanction upon a showing that Plaintiff has the ability to pay $935.00.

IT IS SO ORDERED.

Dated:   **April 27, 2015**               **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff alleges he is Muslim and should not have been housed with gang members.