UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. CABRERA, et al.,<br><br>        Defendants. | Case No. 1:12-cv-01904-LJO-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE APPEAL AND/OR TO REOPEN TIME TO FILE AN APPEAL**<br><br>**(Doc. 80)** |

**I.    Introduction**

      Plaintiff, Quincy Sims, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was dismissed and judgment was entered on June 3, 2016, with prejudice when Defendants' motion for summary judgment was granted. Plaintiff filed a notice of appeal with the Ninth Circuit on July 21, 2016. (Doc. 76.) On August 24, 2016, Plaintiff's appeal was dismissed for lack of jurisdiction because Plaintiff did not file or deliver his notice of appeal to prison officials within 30 days after the entry of judgment against him in this case. (Doc. 79.) On September 12, 2016, Plaintiff filed a motion seeking leave to file a late notice of appeal. (Doc. 80.)

/ / /

/ /

1

## II. Extension/Reopening Time to File Appeal

A notice of appeal must be filed within thirty days from the date of entry of judgment. Fed. R. App. P. 4(a)(1). The Court may grant an extension of time to file an appeal if the motion seeking the extension is filed no later than thirty days after the thirty-day period in Rule 4(a)(1) expires. Fed. R. App. P. 4(a)(5). Here, under Rule 4(a)(5), Plaintiff filed neither a timely notice of appeal, nor a timely motion for an extension of time to appeal, so his request for an extension of time thereunder must be denied. *Id.*

With an extension of time under Rule 4(a)(5) unavailable, the only possible relief left is governed by Rule 4(a)(6), which provides that the Court may reopen the time to file an appeal if it finds that (1) Plaintiff did not receive notice of entry of judgment under Federal Rule of Civil Procedure 77(d); (2) Plaintiff's motion was filed within one-hundred eighty days after the entry of judgment or within fourteen days after Plaintiff received notice of the dismissal and judgment under Rule 77(d) *whichever is earlier*; and (3) no party would be prejudiced. Fed. R. App. P. 4(6). All of these conditions must be satisfied, Fed. R. App. P. 4(a)(6), and the one-hundred eighty day limit is the outer limit for relief, *In re Stein*, 197 F.3d 421, 426 (9th Cir. 2000).

The dismissal order and judgment were served on Plaintiff at his correct address of record on June 3, 2016, and they were not returned as undeliverable. Plaintiff provides no basis to find that he did not receive the notice of entry of judgment. Though Plaintiff does not state the date that he received the notice of entry of judgment, it can be inferred that he received it before July 16, 2016, the date he states he was allowed access to the law library to obtain the necessary form to file his appeal. Thus, at the very latest, Plaintiff would have had to file his request for leave to file his appeal late no more than fourteen days thereafter, on or before July 31, 2016. Plaintiff did not attempt to obtain leave of court to file a late notice of appeal until September 12, 2016 -- after the Ninth Circuit dismissed his appeal as untimely. Simply put, Plaintiff should have filed a motion for leave to file a late notice of appeal at the time he filed his actual notice of appeal.

Because Plaintiff did not file his motion for leave to file a late notice of appeal until September 12, 2016, the Court lacks jurisdiction to reopen the time for Plaintiff to file an appeal and his motion is denied. *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994).

**II.     Order**

For the reasons set forth herein, Plaintiff's motion for an extension of time to file an appeal and/or to reopen the time to file an appeal, filed September 12, 2016, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **September 16, 2016**            **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES CHIEF DISTRICT JUDGE