# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CABRERA, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:12-cv-01904-LJO-SKO (PC)<br>Appeal No. 16-16783<br><br>**NOTICE AND ORDER FINDING THAT PLAINTIFF IS NOT ENTITLED TO PROCEED *IN FORMA PAUPERIS* ON THE APPEAL FILED OCTOBER 4, 2016**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF ORDER ON NINTH CIRCUIT** |

       This civil rights action was filed pursuant to 42 U.S.C. § 1983 by Quincy Sims, a state inmate proceeding *pro se* and *in forma pauperis*, on November 21, 2012.  This action proceeded on Plaintiff's First Amended Complaint against Defendant M. Cabrera on Plaintiff's claim that he violated the Eighth Amendment by failing to protect Plaintiff from being attacked by his cellmate.  (Docs. 7, 8.)  Defendant filed his Answer on May 1, 2014.  (Doc. 16.)  Discovery opened and, more than a year later, Defendant filed a motion for summary judgment on the merits[1] of Plaintiff's claims against him.  (Doc. 66.)  Defendant's motion for summary judgment was granted since Plaintiff failed to present *any* evidence to show that Defendant was deliberately indifferent to a threat to Plaintiff's safety.  (Docs. 72, 74.)  Not only did Plaintiff fail to show that Defendant was deliberately indifferent to a threat to Plaintiff's safety, his evidence actually showed that, at

---

[1] Defendant also raised qualified immunity and Plaintiff's failure to exhaust administrative remedies on his claims before filing suit, but neither of these arguments were reached as Defendant's motion on the merits of Plaintiff's claim was dispositive.  (*See* Doc. 72, p. 6, n. 3.)

the time of the attack (when Plaintiff and his cellmate had been living together amicably for the preceding eight months), Plaintiff did not subjectively fear his cellmate and no objective basis existed upon which Defendant should have been aware that Plaintiff's cellmate posed a threat to his safety.  (Doc. 72, pp. 8-9.)  Plaintiff had absolutely no evidence to suggest that Defendant was aware, or should have been aware of a risk to Plaintiff's safety.  (*Id.*)  The case was dismissed on June 3, 2016, and Judgment was entered that same date.  Plaintiff filed a notice of appeal on July 21, 2016.

> Pursuant to the Federal Rules of Appellate Procedure,
>
> A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization, unless:
> (A) the district court - before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding;
> or
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

> The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
> (A) denies a motion to proceed on appeal *in forma pauperis*;
> (B) certifies that the appeal is not taken in good faith; or
> (C) finds that the party is not otherwise entitled to proceed in forma pauperis.

Fed. R. App. P. 24(a)(4).  Further, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Because Plaintiff was proceeding *in forma pauperis* in this action in the district court, Plaintiff is entitled to proceed *in forma pauperis* on appeal unless the Court makes a finding to the contrary.  For the reason that follows, the Court finds that Plaintiff is not entitled to proceed *in forma pauperis* on his appeal filed July 21, 2016.

Plaintiff failed to present any evidence in opposition to Defendant's motion for summary judgment that showed he was subjectively aware, let alone any basis upon which Defendant was aware or should have been aware, that Plaintiff's cellmate presented a risk to his safety before he attacked Plaintiff.  Given this, Plaintiff's appeal of dismissal, based on granting Defendant's motion for summary judgment, is frivolous and is not taken in good faith.  *See* 28 U.S.C.

1913(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  Thus, Plaintiff is not entitled to proceed *in forma pauperis* on appeal.  Fed. R. App. P. 24(a)(3)(A) & (a)(4)(B).

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed *in forma pauperis* on the appeal filed on July 21, 2016;
2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(C), this order serves as notice to the parties and the United States Court of Appeals for the Ninth Circuit of the finding that Plaintiff is not entitled to proceed *in forma pauperis* for this appeal; and
3. The Clerk of the Court shall serve a copy of this order on Plaintiff and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **October 18, 2016**            **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE

3